Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Johnathan Garcia**, an Arizona resident; and **Brian Garcia**, an Arizona resident; <br><br> Plaintiffs, <br><br> v. <br><br> **Elite Property Service, LLC**, an Arizona company; **A. Jared McCabe,** an Arizona resident; and **Jordyne McCabe,** an Arizona resident <br><br> Defendants. | Case No. <br><br><br> **VERIFIED COMPLAINT** <br><br><br><br> **(Jury Trial Requested)** |

Plaintiffs Johnathan Garcia and Brian Garcia, for their Verified Complaint against Defendants Elite Property Service, LLC **("Elite Property")**; A. Jared McCabe; and Jordyne McCabe, hereby allege as follows:

## NATURE OF THE CASE

1.      Plaintiffs bring this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**"); and failure to make timely payment of wages under the Arizona Wage Statute,

A.R.S. §§ 23-350 – 23-355 ("**Arizona Wage Statute**").

2.     This action is also brought to recover overtime and minimum wage compensation, liquidated damages, treble damages, unpaid wages, and statutory penalties resulting from Defendants' violations of the FLSA, Arizona Minimum Wage Statute, and Arizona Wage Statute.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

5.     Plaintiffs were employed by Defendants in this District.

## PARTIES

6.     At all relevant times to the matters alleged herein, Plaintiff Johnathan Garcia resided in the District of Arizona.

7.     Plaintiff Johnathan Garcia was a full-time employee of Defendants from on or around May 11, 2021, and is still currently employed.

8.     At all relevant times, Plaintiff Johnathan Garcia was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

9.      At all relevant times, Plaintiff Johnathan Garcia was an employee of Defendants as defined by A.R.S. § 23-362(A).

10.     At all relevant times, Plaintiff Johnathan Garcia was an employee of Defendants as defined by A.R.S. § 23-350(2).

11.     At all relevant times to the matters alleged herein, Plaintiff Brian Garcia resided in the District of Arizona.

12.     Plaintiff Brian Garcia was a full-time employee of Defendants from on or around June 14, 2021, and is still currently employed.

13.     At all relevant times, Plaintiff Brian Garcia was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

14.      At all relevant times, Plaintiff Brian Garcia was an employee of Defendants as defined by A.R.S. § 23-362(A).

15.     At all relevant times, Plaintiff Brian Garcia was an employee of Defendants as defined by A.R.S. § 23-350(2)

16.     Defendant Elite Property is a company authorized to do business in Arizona.

17.     Defendant Elite Property is Plaintiffs' employer as defined by 29 U.S.C. § 203(d).

18.     Defendant Elite Property is Plaintiffs' employer as defined by A.R.S. § 23-362(B).

19.     Defendant Elite Property is Plaintiffs' employer as defined by A.R.S. § 23-350(3).

20.     Defendant A. Jared McCabe is an Arizona resident.

21.     Defendant A. Jared McCabe directly caused events to take place giving rise to this action.

22.     Defendant A. Jared McCabe is the owner of Elite Property.

23.     Defendant A. Jared McCabe is a manager of Elite Property.

24.     Defendant A. Jared McCabe is a member of Elite Property.

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

25.     Defendant A. Jared McCabe is an employer of Elite Property.

26.     Defendant A. Jared McCabe has been at all relevant times Plaintiffs' employer as defined by 29 U.S.C. § 203(d).

27.     Defendant A. Jared McCabe has been at all relevant times Plaintiffs' employer as defined by A.R.S. § 23-362(B).

28.     Defendant A. Jared McCabe has been at all relevant times Plaintiffs' employer as defined by A.R.S. § 23-350(3).

29.     The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  Therefore, under the FLSA, Defendant A. Jared McCabe is an employer.

30.     Defendant A. Jared McCabe had the authority to fire employees.

31.     Defendant A. Jared McCabe has/had the authority to hire and/or fire Plaintiffs.

32.     Defendant A. Jared McCabe supervised and controlled Plaintiffs' work schedules or the conditions of Plaintiffs' employment.

33.     Plaintiffs would text Defendant A. Jared McCabe to obtain addresses for work sites.

34.     Defendant A. Jared McCabe determined the rate and method of Plaintiffs' payment of wages.

35.     Defendant A. Jared McCabe paid Plaintiffs via Zelle or by handwritten checks.

36.     As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant A. Jared McCabe is subject to

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

individual and personal liability under the FLSA.

37.     Defendant Jordyne McCabe is an Arizona resident.

38.     Upon reasonable belief, during Plaintiffs' employment with Defendants, Defendant Jordyne McCabe and Defendant A. Jared McCabe were legally married.

39.     Defendant Jordyne McCabe and Defendant A. Jared McCabe have caused events to take place giving rise to this action as to which their marital community is fully liable.

40.     Under the principle of marital community property, all actions by one individual are imputed on the marital community property.

41.     Defendant Jordyne McCabe directly caused events to take place giving rise to this action.

42.     Defendant Jordyne McCabe is the owner of Elite Property.

43.     Defendant Jordyne McCabe is a manager of Elite Property.

44.     Defendant Jordyne McCabe is a member of Elite Property.

45.     Defendant Jordyne McCabe is an employer of Elite Property.

46.     Defendant Jordyne McCabe has been at all relevant times Plaintiffs' employer as defined by 29 U.S.C. § 203(d).

47.     Defendant Jordyne McCabe has been at all relevant times Plaintiffs' employer as defined by A.R.S. § 23-362(B).

48.     Defendant Jordyne McCabe has been at all relevant times Plaintiffs' employer as defined by A.R.S. § 23-350(3).

49.     The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  Therefore, under the

FLSA, Defendant Jordyne McCabe is an employer.

50.     Plaintiffs further informed, believe, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

51.      Defendants, and each of them, are sued in both their individual and corporate capacities.

52.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiffs.

53.     Upon information and reasonable belief, Plaintiffs, in their work for Defendants, were employed by an enterprise engaged in commerce that had or will have annual gross sales of at least $500,000 in 2021.

54.     At all relevant times, Plaintiffs, in their work for Defendants, were engaged in commerce or the production of goods for commerce.

55.     At all relevant times, Plaintiffs, in their work for Defendants, were engaged in interstate commerce.

56.     Plaintiffs, in their work for Defendants, regularly handled goods produced and transported in interstate commerce.

57.     Plaintiffs used the application WhatsApp for communication.

58.     Plaintiffs are covered employees under individual coverage.

59.     Plaintiffs are covered employees under enterprise coverage.

## **FACTUAL ALLEGATIONS**

60.     The entity Defendant is a construction company.

61.     On or around May 11, 2021, Plaintiff Johnathan Garcia commenced

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

employment with Defendants as a painter.

62.     On or around June 14, 2021, Plaintiff Brian Garcia commenced employment with Defendants as a painter.

63.     Plaintiffs' primary job duties included painting and other handyman duties.

64.     From on or around May 11, 2021 to the present, Plaintiff Johnathan Garcia was supposed to be paid $25.00 an hour.

65.     From on or around June 14, 2021 to the present, Plaintiff Brian Garcia was supposed to be paid $25.00 an hour

66.     Plaintiffs are non-exempt employees.

67.     Plaintiffs, to this day, have not received wages for the work they performed.

68.     Plaintiff Johnathan Garcia estimates that he is owed approximately $2,000 in unpaid back wages.

69.     Plaintiff Brian Garcia estimates that he is owed approximately $1,800 in unpaid back wages.

70.     On or around June 30, 2021, Plaintiffs received checks from Defendants that bounced.

71.     Defendants failed to properly compensate Plaintiff Johnathan Garcia for all his overtime and regular hours.

72.     Plaintiff Johnathan Garcia worked in excess of 40 hours and was not provided with the required one and one-half times pay premium as required by the FLSA for all his worked overtime hours.

73.     For example, during workweek of May 12, 2021, Plaintiff Johnathan Garcia estimates that he worked around 47 hours during that period, and did not receive any wages

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

for that time period.

74.     Defendants failed to properly compensate Plaintiff Brian Garcia for all his overtime and regular hours.

75.     Plaintiff Brian Garcia worked in excess of 40 hours and was not provided with the required one and one-half times pay premium as required by the FLSA for all his worked overtime hours.

76.     For example, during the work week of June 28, 2020, Plaintiff Brian Garcia estimates that he worked around 47 hours during that period, and did not receive any wages for that time period.

77.     Defendants were aware that Plaintiffs' working hours exceeded 40 hours, and required them to work overtime as a condition of their employment.

78.     Defendants wrongfully withheld wages from Plaintiffs by failing to pay all wages due on their next paycheck.

79.     Defendants refused and/or failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

80.     Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining their employee rights under the FLSA pursuant to 29 C.F.R. § 516.4.

81.     Defendants' failure and/or refusal to compensate Plaintiffs at the rates and amounts required by the FLSA were willful.

## COUNT I
## (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

82.     Plaintiffs incorporate by reference all of the above allegations as though fully set forth herein.

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

83.    At all relevant times, Plaintiffs were employed by Defendants within the meaning of the FLSA.

84.    Plaintiffs were employees entitled to the statutorily mandated minimum wage.

85.    Defendants have intentionally failed and/or refused to pay Plaintiffs minimum wage according to the provisions of the FLSA.

86.    As a direct result of Defendants' violations of the FLSA, Plaintiffs have suffered damages by not receiving any compensation in accordance with 29 U.S.C.§ 206.

87.    In addition to the amount of unpaid minimum wages owed to Plaintiffs, they are entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

88.    Defendants' actions in failing to compensate Plaintiffs, in violation of the FLSA, were willful.

89.    Defendants knew Plaintiffs were not being compensated full minimum wages for time worked.

90.    Defendants knew their failure to pay minimum wage was a violation of the FLSA.

91.    Defendants have not made a good faith effort to comply with the FLSA.

92.    Plaintiffs are also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
## (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

93.    Plaintiffs incorporate by reference all of the above allegations as though fully

set forth herein.

94.     At all relevant times, Plaintiffs were employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

95.     Defendants intentionally failed and/or refused to pay Plaintiffs full minimum wages according to the provisions of the Arizona Minimum Wage Statute.

96.     In addition to the amount of unpaid minimum wage owed to Plaintiffs, they are entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

97.     Plaintiffs are also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

**COUNT III**
**(FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)**

98.     Plaintiffs incorporate by reference all of the above allegations as though fully set forth herein.

99.     At all relevant times, Plaintiffs were employed by Defendants within the meaning of the FLSA.

100.    Plaintiffs were employees entitled to the statutorily mandated overtime wages.

101.    Defendants have intentionally failed and/or refused to pay Plaintiffs' overtime wages according to the provisions of the FLSA.

102.    As a direct result of Defendants' violations of the FLSA, Plaintiffs have suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

103.    In addition to the amount of unpaid overtime wages owed to Plaintiffs, they are entitled to recover an additional equal amount as liquidated damages pursuant to 29

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

U.S.C. § 216(b).

104. Defendants' actions in failing to compensate Plaintiffs, in violation of the FLSA, were willful.

105. Defendants knew Plaintiffs were not being compensated overtime for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages.

106. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

107. Defendants have not made a good faith effort to comply with the FLSA.

108. Plaintiffs are also entitled to an award of attorneys' fees, costs, and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT IV
## (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)

109. Plaintiffs incorporate by reference all of the above allegations as though fully set forth herein.

110. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the Arizona Wage Statute.

111. Defendants were aware of their obligation to pay timely wages pursuant to A.R.S. § 23-351.

112. Defendants were aware that, under A.R.S. § 23-353, they were obligated to pay all wages due to Plaintiffs.

113. Defendants failed to timely pay Plaintiffs their wages due without a good faith basis for withholding the wages.

114. Defendants have willfully failed and refused to timely pay wages due to

Plaintiffs.

115.    As a result of Defendants' unlawful acts, Plaintiffs are entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

### CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray:

A.    For the Court to declare and find that the Defendants committed the following acts:

i.    violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

ii.    willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

iii. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

iv. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

v.    violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

vi. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

vii. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiffs;

B.    For the Court to award compensatory damages, including liquidated or double damages, and / or treble damages, to be determined at trial;

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

C.     For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D.     For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E.     For the Court to award Plaintiffs reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.     Any other remedies or judgments deemed just and equitable by this Court

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED July 12, 2021.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
      14500 N. Northsight Blvd, Suite 133
      Scottsdale, AZ 85260
      Attorneys for Plaintiffs

1

## <u>VERIFICATION</u>

2

3      Plaintiffs Johnathan Garcia and Brian Garcia declare under penalty of perjury that

4  they have read the foregoing Verified Complaint and are familiar with the contents thereof.

5  The matters asserted therein are true and based on their personal knowledge, except as to

6  those matters stated upon information and belief, and as to those matters, they believe them

7  to be true.

8

9

10

11      _____

12      Johnathan Garcia

13

14

15      _____

16      Brian Garcia

17

18

19

20

21

22

23

24

25

26

27

28

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

## **VERIFICATION**

Plaintiffs Johnathan Garcia and Brian Garcia declare under penalty of perjury that they have read the foregoing Verified Complaint and are familiar with the contents thereof. The matters asserted therein are true and based on their personal knowledge, except as to those matters stated upon information and belief, and as to those matters, they believe them to be true.

_____
Johnathan Garcia


*Brian Garcia*
Brian Garcia

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com